IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

YALOBUSHA COUNTY, MISSISSIPPI, ET AL.                                                    PLAINTIFFS

VS.                                                                                                 CIVIL ACTION NO. 3:19-cv-43-GHD-JMV

ENPRO INDUSTRIES INC., ET AL.                                                              DEFENDANTS

**ORDER**

This matter is before the court on the motion of plaintiffs to strike as privileged certain communications included in pleadings now in the record of the court. For the reasons discussed below, the motion will be denied.

According to an affidavit filed by Samuel Williamson, an individual defendant, certain statements were made by plaintiffs' attorney, John Crow, during what is described by plaintiff's counsel as a joint meeting "attended by attorneys for the plaintiff *in the LLD action* and approximately twenty (20) of our clients who were then involved in the litigation which would become the LDD action."[1] Doc. #17-1 at 1-2. Among those persons were two who subsequently, allegedly, relayed the comments to Williamson.

In an effort to strike reference to the alleged statements, the plaintiff's counsel takes a two-fold approach. First, they offer a sworn affidavit asserting that the attorney, Mr. Crow, did not make any of the alleged statements and the statements themselves are false. Doc. #17-1 at 3. At the same time, plaintiffs assert that the statements, if made, are privileged.

---

[1] B.J. Crawford, LLC., et. al v. Enpro Industries, Inc., et al, 3:19-cv-46-GHD-JMV(filed Mar. 1, 2019)(emphasis added).

It is elementary that a party who asserts privilege has the burden of establishing it. *Baker Donelson Bearman Caldwell & Berkowitz, P.C. v. Seay*, 42 So. 3d 474, 494–95 (Miss. 2010) ("The burden of proof rests with the party asserting the attorney-client privilege.") (citing *United States v. Harrelson,* 754 F.2d 1153, 1167 (5th Cir.1985)). In short, while the plaintiff was not required to affirmatively swear that the asserted statements did not occur, it has elected to do so, and having done so, is foreclosed from establishing the first and most basic element of the privilege–a communication subject thereto. Miss. R. Evid. 502(b); *Williamson v. Edmonds*, 880 So. 2d 310, 318 (Miss. 2004). For this as well as other reasons discussed by the defendants in their opposition to plaintiff's motion to strike statements as privileged, the motion is hereby denied.[2]

**SO ORDERED** this the 7th day of June, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[2] The court's ruling in this regard is not dissimilar to the court's treatment of the assertion of attorney-client privilege where the client takes the position that they relied on the advice of counsel. That is, Mississippi does not permit a party to use the privilege is both a sword and a shield. *Hyde Const. Co. v. Koehring Co.*, 455 F.2d 337, 340 (5th Cir. 1972).